Per Curiam.
{¶ 1} We affirm the judgment of the court of appeals denying an award of statutory damages to appellant, inmate Lambert Dehler, in a public-records mandamus case for the following reasons.
*310 (¶ 2} First, Dehler refused to submit payment for the cost of the requested copies of public records. “R.C. 149.43 does not require a public-records custodian to provide copies of records free of charge; instead, the Public Records Act requires only that copies of public records be made available at cost.” State ex rel. Call v. Fragale, 104 Ohio St.3d 276, 2004-Ohio-6589, 819 N.E.2d 294, ¶ 6. Even though the court of appeals did not rely on this ground to deny Dehler’s request for statutory damages, “ ‘[w]e will not reverse a correct judgment simply because some or all of a lower court’s reasons are erroneous.’ ” State ex rel. Galloway v. Cook, 126 Ohio St.3d 332, 2010-Ohio-3780, 933 N.E.2d 807, ¶4, quoting State ex rel. Swain v. Bartleson, 123 Ohio St.3d 125, 2009-Ohio-4690, 914 N.E.2d 403, ¶ 1.
{¶3} Moreover, the prison officials established that permitting Dehler to inspect the requested records might have unreasonably interfered with the discharge of their duties. See State ex rel. Dehler v. Spatny, 127 Ohio St.3d 312, 2010-Ohio-5711, — N.E.2d —, ¶ 5, citing State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland (1988), 38 Ohio St.3d 79, 81, 526 N.E.2d 786, and Briscoe v. Ohio Dept. of Rehab. & Corr., Franklin App. No. 02AP-1109, 2003-Ohio-3533, 2003 WL 21512808, ¶ 16 (“With respect to penal institutions, prison administrators must be accorded deference in adopting * * * policies and practices to preserve internal order and to maintain institutional security”).
{¶ 4} Finally, notwithstanding Dehler’s contentions to the contrary, R.C. 149.43(C)(1) does not permit stacking of statutory damages based on what is essentially the same records request. No windfall is conferred by the statute. See R.C. 149.43(C)(1) (an “award of statutory damages should not be construed as a penalty, but as compensation for injury arising from lost use of the requested information”).
{¶ 5} Therefore, Dehler failed to establish his entitlement to an award of statutory damages in his public-records mandamus case, and we affirm the judgment denying the award.
Judgment affirmed.
Pfeifer, Lundberg Stratton, O’Connor, O’Donnell, Lanzinger, and Cupp, JJ., concur.
Brown, C.J., dissents.