[Cite as *State ex rel. Hous. Advocates, Inc. v. Cleveland*, 2012-Ohio-1187.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 96243

---

# STATE OF OHIO, EX REL., HOUSING ADVOCATES, INC.

**RELATOR**

vs.

# CITY OF CLEVELAND, ET AL.

**RESPONDENTS**

---

## JUDGMENT:
## COMPLAINT DISMISSED

---

Writ of Mandamus
Motion Nos. 445414, 446192,
446193, 447833, 448114 and 453005
Order No. 451140

**RELEASE DATE:** March 19, 2012

**ATTORNEY FOR RELATOR**
Edward G. Kramer
Fair Housing Law Clinic
3214 Prospect Avenue, East
Cleveland, OH   44115

**ATTORNEYS FOR RESPONDENTS**

Barbara A. Langhenry
Interim Director of Law

By:   Catherine Ma
City of Cleveland
601 Lakeside Avenue, Rm. 106
Cleveland, OH   44114

LARRY A. JONES, SR., J.:

{**¶1**} The relator, The Housing Advocates, Inc., commenced this public records mandamus action against the respondents, the City of Cleveland; Edward Rybka, Director of the Department of Building and Housing; and David Cooper, the Deputy Director of the Department of Building and Housing (collectively referred to as "the City").   The relator sought the release of three classes of records concerning 21 pieces of property in Cleveland: (1) all correspondence between the City and any architect, contractor, or subcontractor relating to planning, design, or construction on the properties; (2) the building permits and/or the certificates of occupancy for any buildings on the properties; and (3) all drawings, plans, blueprints, and other records relating to the design or construction of buildings on the properties.

{**¶2**} The relator alleges that it initially made the request for 18 of the properties by certified mail in October 2009.   The City alleges that it satisfied this initial request by late

November 2009, by sending a box of records to the relator. In February 2010, the relator sent another public records request to the City by certified mail for two additional pieces of property. Over the next several months the relator sent hand-delivered or certified mail public records requests for various pieces of property. Relator asserts that from October 2009, until the filing of this mandamus action on December 29, 2010, "the City failed to produce any materials pursuant to these requests." (May 9, 2011 Affidavit of Greg McCleery.) On January 26, 2011, the City provided records responsive to the requests for review and inspection. The parties now agree that the relator has received all requested records which the City still possesses. There are no other records to be disclosed. Accordingly, the mandamus claim for the disclosure of requested records is moot.

{¶3} Nevertheless, the issues of statutory damages and attorney's fees remain pending. R.C. 149.43(C)(1) provides that a relator in a public records mandamus action shall be entitled to statutory damages if the requester submitted a written request by hand delivery or certified mail and if the public office failed to comply with an obligation in R.C 149.43(B), including the duty to prepare promptly the requested records for inspection. Subsection(C)(1) further provides that the amount of statutory damages shall be $100 for each business day during which the public office failed to comply with the request beginning with the day on which the requester filed the mandamus action up to a maximum of $1,000.

{¶4} In the present case the relator qualifies for statutory damages. The relator made the requests through both hand delivery and certified mail. Although the City says it fulfilled the October 2009 request by sending a box of records, this court is not persuaded

that the request was fulfilled at that time. The City did not present any evidence, other than its own assertion, that the requests were fulfilled. In contrast, the relator provided McCleery's affidavit, which stated that the City did not respond to any of the relator's requests. Moreover, the City provided the records on January 26, 2011, more than ten business days from the filing of the mandamus action on December 29, 2010.

{¶5} The relator seeks $21,000 in statutory damages, $1,000 for each property for which records were requested. In *State ex rel. Dehler v. Kelly*, 127 Ohio St.3d 309, 2010-Ohio-5724, 939 N.E.2d 828, ¶ 4, the Supreme Court of Ohio ruled that "R.C. 149.43(C)(1) does not permit stacking of statutory damages based on what is essentially the same records request. No windfall is conferred by the statute." This court finds that the relator made essentially one records request. Accordingly, because the relator fulfilled the requisites for statutory damages and because the City did not establish that it timely provided the requested records, this court awards the relator $1,000 in statutory damages.

{¶6} Pursuant to R.C. 149.43(C)(2)(b), the relator seeks $36,227.00 in attorney's fees for 120.5 hours of work by three lawyers. However, the Supreme Court of Ohio has repeatedly held that in public records cases attorney fees are available only to the extent that the relator actually paid an attorney to win the public records action. In-house counsel or pro se representation precludes an award. In *State ex rel. Beacon Journal Publishing Co. v. City of Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 62, the court ruled that because there was "no evidence or suggestion that the Beacon Journal either paid or was obligated to pay its in-house counsel attorney fees in addition to

her regular salary and benefits for the work she did, * * * 'fees' are not recoverable in a mandamus action under R.C. 149.43." Similarly, in *State ex rel. O'Shea & Assoc. Co. L.P.A. v. Cuyahoga Metro. Hous. Auth.,* 2012-Ohio-115, the relator, a law firm, was represented by its principal partner. The supreme court reversed an award of attorney fees, because there was no evidence that the relator either paid or was obligated to pay its own counsel attorney fees. *Accord State ex rel. Lucas Cty. Bd. Of Commrs. v. Ohio Environmental Protection Agency* 88 Ohio St.3d 166, 724 N.E.2d 411 (2000); and *State ex rel. Besser v. Ohio State Univ.*, 87 Ohio St.3d 535, 721 N.E.2d 1044 (2000).

**{¶7}** In the present case, the evidence before the court shows that the relator did not pay or was obligated to pay the attorneys for the work done on this case. Paragraph 10 of Edward Kramer's affidavit in support of attorney fees states: "Taking on this case has not prevented taking other lucrative cases in order to focus on this matter, but each attorney took this on a contingent fede (sic) and/or award of statutory attorney fees basis." Indeed, Edward Kramer is "the chief counsel in the public interest law firm of THE HOUSING ADVOCATES, INC." ¶ 1 of his affidavit. David Oakley was the Senior Staff Attorney for the relator, The Housing Advocates, Inc., *HAI STAFF*, http://www.housingadvocatesinc.com/sub/staff.jsp (accessed Jan. 19, 2012). David D'Angelo was a volunteer attorney with the relator. ¶ 2 of his affidavit in support of attorney fees. These lawyers were in-house counsel for the relator, and thus, their position is indistinguishable from the attorneys in *Beacon Journal* and *O'Shea*. This court denies attorney's fees.

**{¶8}** Accordingly, this court grants the relator's motion for statutory damages in the

amount of $1,000.00 and denies attorney's fees. The court, sua sponte, dismisses this public records mandamus action as moot, because the parties agree that all possible records have been disclosed. Respondents to pay costs. The court directs the clerk to serve upon all parties notice of this judgment and its date of entry upon the journal pursuant to Civ.R. 58(B).

Complaint dismissed.

LARRY A. JONES, SR., JUDGE

JAMES J. SWEENEY, P.J., and
SEAN C. GALLAGHER, J., CONCUR.