[Cite as *State ex rel. Hartkemeyer v. Fairfield Twp.*, 2012-Ohio-5842.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO ex rel. SHANNON HARTKEMEYER, | : | |
| | : | CASE NO. CA2012-04-080 |
| Relator, | : | <u>D E C I S I O N</u><br>12/10/2012 |
| - vs - | : | |
| | : | |
| FAIRFIELD TOWNSHIP, BUTLER COUNTY, et al., | : | |
| Respondents. | : | |

ORIGINAL ACTION IN MANDAMUS

Finney, Stagnaro, Saba & Patterson, Christopher P. Finney, Bradley M. Gibson, 2623 Erie Avenue, P.O. Box 8802, Cincinnati, Ohio 45208 and Curt C. Hartman, 3749 Fox Point Court, Amelia, Ohio 45102, for relator

Surdyk, Dowd & Turner Co., L.P.A., Kevin A. Lantz, One Prestige Place, Suite 700, Miamisburg, Ohio 45342 and Jack F. Grove, 1251 Nilles Road, Suite 10, Fairfield, Ohio 45014-2911, for respondents, Fairfield Twp., Nancy Bock, Fiscal Officer, and Michael Rahall, Administrator

**<u>Per Curiam</u>.**

{¶ 1} The current cause is before this court pursuant to a complaint for a writ of mandamus brought by relator, Shannon Hartkemeyer, to compel respondents, Fairfield Township and its record keepers, to comply with their legal duties and obligations pursuant to

the Ohio Public Records Act, R.C. 149.43.

**{¶ 2}** Relator, a resident of Fairfield Township, is the creator of a web-based blog known as the Fairfield Township Flare. Relator's purpose in creating the blog was to "shine a light on local government – specifically that of Fairfield Township." To that end, relator posts articles, documents, and videos on her blog that pertain to Fairfield Township and its Board of Trustees. The posted documents, recordings, and videos are among those relator obtains from the township by way of public records requests.

**{¶ 3}** On July 27, 2011, relator made a public records request via certified mail, requesting the following public records: (1) audio recordings of all meetings of the Fairfield Township Board of Trustees from May 1 through July 27, 2011, (2) meeting minutes from all meetings of the Fairfield Township Board of Trustees from May 1 through July 27, 2011, and (3) meeting agendas from all meetings of the Fairfield Township Board of Trustees from May 1 through July 27, 2011. Relator requested the records be made available to her via electronic methods, and further agreed to pay copying costs.

**{¶ 4}** Relator's July 27 request was received by the township on July 28, 2011, as evidenced by the signature of the chairman of the township's Board of Trustees on the registered mail delivery confirmation form.[1] On July 29, 2011, Skylor Miller, the Assistant Township Administrator, sent relator an email that also confirmed the township's receipt of the request. The email stated, "I have received your public records request, dated July 27, 2011, and will make the items available to you as soon as possible."

**{¶ 5}** At the time that relator made her July 27, 2011 request, she had three other pending public records requests that she made in May and June 2011, as well as several

---

1. The record indicates that the parties refer to the July request as either the July 27 request (the day the request was written and sent) as well as the July 28 request (the day the request was received by the township). This court will refer to the request as the July 27 request, unless quoting the record directly.

completed requests. One such completed request was specific to comprehensive planning documents, which relator requested and the township provided in 2010. The outstanding requests as of July 2011 included (1) the meeting minutes of the Board of Trustees from January 1, 2006 through November 30, 2010, (2) audio recordings of the Board of Trustees meetings from January 1, 2006 through November 30, 2010, as well as (3) township records and documents related to a subcommittee that was formed in relation to funding and building a new firehouse.

{¶ 6} As of September 26, 2011, relator had not received the records from her July 27 request, or complete records from her previous requests from May and June 2011. Relator emailed the township and requested an anticipated completion date for the materials. Michael Rahall, the Township Administrator, replied on October 7, 2011, and apologized for the delay, explaining that he had been out of town due to a funeral. Rahall also stated, "I hope to have all of your information available next week…I will email you upon completion, thank you." In response to Rahall's email, relator responded with an email on October 10, 2011 in which she specifically asked Rahall, "will the records I requested on or about July 28th be available as well?" Rahall responded on October 11, 2011 with an email in which he stated, "yes, that should be ready as well."

{¶ 7} On October 17, 2011, Miller emailed relator and stated that the items relator had requested regarding comprehensive planning were available for pickup, and that the total cost for copying the requested documents was $31.65, which included "minutes from trustee meetings you previously requested." Relator then emailed Miller and stated that she had already received documents regarding the comprehensive plan, and asked for information as to what documents the township actually had available. The record does not contain any response from the township. The next day, October 25, 2011, relator emailed Miller once more and asked Miller whether the recordings and minutes were available per her July 27

request. However, the record does not contain any response to relator's second email.

{¶ 8} In or around the last week of October 2011, relator visited the township offices to review the records Miller had indicated were available. There, relator was given hard copies of the meeting minutes from May and June 2011, but not the minutes from July 2011, the audio recordings, or the agendas. On November 14, 2011, relator emailed Miller and referenced that per her July 27, 2011 public records request, she requested the materials in electronic form, and that she wanted the documents forwarded to her via email or on a disc. Relator also asked, "can you please provide an anticipated delivery date for the audio recordings as specified in the July 28, 2011 records request." Having no response from the township, relator emailed Rahall and Miller once more and asked for an update on her July 27, 2011 request. On the same day, Miller responded that the township was not required to provide digital copies of public records when hard copies had been provided.

{¶ 9} On December 27, 2011, relator sent an email in order to clarify her previous requests, indicating that the request for the comprehensive plan documents was made in July 2010, and that the request had been filled in 2010. Relator then made reference to her July 27, 2011 records request, and stated that that request was specific to meeting agendas, minutes and recordings for trustee meetings from May 1, 2011 through July 27, 2011. Relator acknowledged that meeting minutes from May and June 2011 had been provided in hard copy, but reminded the township that her other requests had not been fulfilled according to her request. The next day, Rahall responded, "we are in receipt of your clarification....We will contact you when completed."

{¶ 10} On April 12, 2012, relator filed her complaint for a writ of mandamus in this court, alleging that the township and its record keepers failed to comply with their legal duties to produce public records. Relator attached her July 27 request, verification of the township's receipt of her request by certified mail, as well as the emails referenced above to her

- 4 -

complaint for mandamus. The township answered, and denied that it had failed to provide the public records. On July 20, 2012, the township provided the audio recordings, the July 2011 meeting minutes, as well as the agendas, therefore filling relator's public records request.

{¶ 11} In August 2012, the parties submitted to this court an agreed statement of facts, which stated:

> 1. Relator, Shannon Hartkemeyer, is a resident of Fairfield Township, Butler County, Ohio.
>
> 2. Respondent, Fairfield Township, Butler County, Ohio, is a political subdivision of the state of Ohio, and is a "public office" as defined by the Ohio Public Records Act.
>
> 3. Respondent, Nancy Bock, is the Fiscal Officer of Fairfield Township, Butler County, Ohio and, as such, is a "public official" as defined by the Ohio Public Records Act.
>
> 4. Respondent, Michael Rahall, is the Administrator of Fairfield Township, Butler County, Ohio and, as such, is a "public official" as defined by the Ohio Public Records Act.
>
> 5. On July 27, 2011, Relator tendered a public records request to Respondents Scharnhorst and Bock, seeking public records of Fairfield Township.
>
> 6. A copy of this request (the "Public Records Request Letter") is attached hereto as Exhibit A.
>
> 7. A copy of the Public Records Request Letter was tendered by certified mail return receipt requested on July 27, 2011.
>
> 8. A copy of the return receipt signature for the Public Records Request Letter is attached hereto as Exhibit B and indicates the Public Records Request Letter was received on July 28, 2011.
>
> 9. The parties stipulate to the authenticity of the e-mails attached to the Complaint and have attached the same hereto as Exhibits C, D, E, F, G, H, and I.
>
> 10. On or about December 15, 2011, the instant Relator served discovery requests upon the instant Respondents in the case of

*State ex rel. Hartkemeyer v. Fairfield Twp., Butler Cty., Ohio*, Butler CP.NO.CV2011 06 2046.

11.  On or about February 29, 2012, the instant Respondents served responses to Relator's discovery requests in the case of *Hartkemeyer v. Fairfield Twp., Butler Cty., Ohio*, Butler CP.NO.CV2011 06 2046 referenced in paragraph 10 of this Statement of Facts.  A true and accurate copy of the relevant portion of Respondents' discovery responses served in the case of *Hartkemeyer v. Fairfield Twp., Butler Cty., Ohio*, Butler CP.NO.CV2011 06 2046 is attached hereto as Exhibit J.

12.  Relator initiated this lawsuit by filing a Complaint with the Court on April 12, 2012.

13.  On or about July 20, 2012, Respondents provided the audio recordings, July 2011 meeting minutes and the agendas requested in the Public Records Request Letter to Relator's counsel.

After filing the agreed facts, relator filed an affidavit.  The record also contains the affidavits of Michael Rahall and Skylor Miller.  After reviewing the submitted evidence, we turn to the merits of relator's mandamus claim.

{¶ 12} "[I]n general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.,* 120 Ohio St.3d 372, 2008-Ohio-6253, ¶ 43.  However, the production of requested documents does not, according to the Public Records Act, moot a claim for statutory damages, court costs, and attorney fees.  *State ex rel. Cincinnati Enquirer v. Heath*, 121 Ohio St.3d 165, 2009-Ohio-590, ¶ 18.

{¶ 13} Although the record is clear that the township fulfilled relator's July 27, 2011 request as of July 20, 2012, we must determine whether relator is entitled to statutory damages, costs, and attorney fees.  The township neither denies that the relator's request was specific to public records, nor asserts that relator was not entitled to the records.  Instead, the township argues that it should not be liable for statutory damages or attorney

fees because it (1) provided "all existing responsive records" prior to relator's mandamus suit, (2) offered the records to relator in February 2012 as part of discovery related to a different case, (3) provided the records in July 2012, and (4) provided the records within a reasonable time considering the "attendant facts and circumstances."

{¶ 14} According to R.C. 149.43(B)(1),

> Upon request and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject to division (B)(8) of this section, upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time.

{¶ 15} R.C. 149.43(C)(1) sets forth the proposition that an aggrieved party may pursue a mandamus action and be entitled to statutory damages upon a public entity's failure to provide public records in accordance with the statute.

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section.
>
> * * *
>
> If a requestor transmits a written request by hand delivery or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requestor shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records

failed to comply with an obligation in accordance with division (B) of this section.

The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award of statutory damages shall be in addition to all other remedies authorized by this section.

{¶ 16} After reviewing the record, we find that relator is entitled to statutory damages and court costs. It is undisputed that relator made her request in writing for three specific groups of public records: meeting minutes, audio recordings, and agendas for trustee meetings, between a very specific date range of May 1 through July 27, 2011. The request was delivered via certified mail and acknowledged by the township. The record indicates that the township failed to provide the minutes from July, the audio recordings, and the agendas that were requested by relator. Relator filed her mandamus action on April 12, 2012. The records were not provided to her until July 2012, three months *after* the filing of her mandamus claim. The statute caps the maximum award of damages to ten days at $100 per day. Therefore, relator is entitled to $1,000 in statutory damages.

{¶ 17} We disagree with each of the township's arguments that relator is not entitled to damages and fees. First, the township argues that it provided "all existing responsive records" prior to relator's mandamus suit by making the records available to relator when she visited the township in October 2011. In support of this argument, the township submits the affidavits of Michael Rahall and Skylor Miller, who claim that the township made the documents requested on July 27, 2011 available to relator in October 2011. However, the record does not indicate that the documents were actually provided to relator in October 2011

- 8 -

or were actually available to her on that date.

{¶ 18} According to an email from Miller, the township made hard copies of the meeting minutes from May and June (but not July) and told relator that these hard copies were available along with what turned out to be duplicate documents from a request that had already been fulfilled. The record indicates that relator paid for the hard copies of the minutes only, and then immediately thereafter made inquiries into when the other documents she requested by way of her July 27 request would be made available. Instead of stating that the documents had already been made available, the township thanked relator for her clarification and stated that it would contact relator when the still outstanding documents were made available. The record contains several subsequent attempts by relator to be provided the still outstanding documents, and at no time did the township assert that such request had already been fulfilled.

{¶ 19} Second, the township argues that it offered the records to relator in February 2012 as part of discovery related to a different case. Relator filed a separate suit regarding a different public records request, and discovery was conducted in early 2012. Rahall averred that the township offered the documents regarding the unrelated suit, some of which overlapped with documents requested by way of relator's July 27 request. Rahall averred that "neither the Relator nor anyone on her behalf scheduled a date and time to come to the Township offices and inspect and/or copy records responsive to the Relator's July 27, 2011 request in response to discovery answers provided by the Township" in the unrelated case. Even if the township made the documents available as part of the discovery process in the unrelated case, we find two problems with the township's argument that doing so alleviated its duty under the Public Records Act.

{¶ 20} First, we do not believe that providing discovery as part of the litigation process in an unrelated civil suit is the same as fulfilling one's duty pursuant to the Public Records Act

to respond to a properly-made request by promptly preparing and making available for inspection the requested documents. By virtue of the fact that the documents were part of discovery, they were being used as part of the litigation process regarding a case that is not before this court, nor were the documents being offered to fulfill the July 27, 2011 request. Moreover, and according to a copy of the discovery request, the township merely offered to make available for inspection and copying the meeting minutes and audio recordings; the agendas were not mentioned in the discovery request. Therefore, even if some of the discovery may have corresponded to relator's July 27 request, the request was not completely filled.

{¶ 21} Secondly, we cannot say that fulfilling the request in February 2012 would have abided by the statutory mandate that the request be filled within a reasonable time. Further complicating the township's suggestion that it did not provide records because it had already provided the records, or had permitted an opportunity to obtain copies of the records is the glaring absence of any communication from the township stating these reasons to relator when she continued to ask for production.

{¶ 22} The township next argues that it provided the records in July 2012, a year after the initial request. However, as previously discussed, the fact that the township provided the records in July 2012, after relator filed her mandamus action, does not foreclose the possibility of imposing statutory damages and fees.

{¶ 23} Lastly, the township argues that it provided the records within a reasonable time when considering the "attendant facts and circumstances." These facts and circumstances include that relator makes public records requests often; relator had outstanding requests at the time of the July 27 request that made communication regarding different requests confusing; and the township staff is unable to keep up with the demand for public records.

{¶ 24} In his affidavit, Miller avers that relator has made 16 out of the approximately 45

public records requests that have been made to the township in the past two to three years. Miller further states that the township staff has not grown in relation to the overall growth of the township itself, and that as much as 60-90 percent of the administrative staff was required to work on complying with public records requests. However, and as stated by the Ohio Supreme Court,

> [n]o pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time. The respondent is under a statutory duty to organize his office and employ his staff in such a way that his office will be able to make these records available for inspection and to provide copies when requested within a reasonable time.

*State ex rel. Fox v. Cuyahoga Cty. Hosp. Sys.*, 39 Ohio St.3d 108, 111 (1988).

**{¶ 25}** We find that even when taking into account relator's multiple records requests and the township's limited staff, the township did not respond to relator's request in a reasonable time frame. According to R.C. 149.43(B)(2), "to facilitate broader access to public records, a public office or the person responsible for public records shall organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with division (B) of this section." The statute specifically directs holders of public records to maintain their records so as to make the records available to a requestor within a reasonable period of time.

**{¶ 26}** The statute does not offer exceptions to public offices that are understaffed or otherwise unable to comply with the statutory mandates because of the way the entity chooses to use its resources. While such circumstances may be considered to a limited degree when determining the reasonableness of a public office's response, the statute itself gives little latitude to circumventing the affirmative responsibilities placed upon those that maintain public records.

{¶ 27} Regarding the confusing nature of the request, we agree that there were certain challenges present, given the fact that some of relator's requests were still outstanding at the time she made her July 27 request. However, and despite any facial confusion, the July 27 request was very specific and listed three distinct requests from three distinct time frames. Moreover, R.C. 149.43(B)(2) places the burden on the township to inform the requester if the request is "ambiguous or overly broad." The township never informed relator that it did not understand the July 27 request or that it found the request ambiguous or overly broad. Emails sent after the request between relator and the township made specific reference to the July 27 request on several occasions, and the natural flow of the emails demonstrates that any confusion created by ambiguous email subject headings or the existence of multiple/outstanding requests were eliminated by relator's specific reference to her July 27 request and to her clarification emails regarding the three categories of documents she was requested that remained unfilled.

{¶ 28} The township also argues that an attendant fact and circumstance leading to the length of time necessary to fill the request centered on the fact that the meeting minutes from July were not available because they were only in draft form and not finalized yet. However, the meeting minutes were only one part of the three-part July 27 request. The township also had the ability to deny relator's request because the minutes were not finalized, but was under a statutory duty to "provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties." R.C. 149.43(B)(2). If the township did not have final July minutes to produce, it could have informed relator of that fact, denied the request, and permitted the relator to resubmit her request after the drafts had been finalized or to revise her request to ask for the draft minutes as already prepared.

{¶ 29} After reviewing the record, we cannot say that any of the township's arguments alleviate the responsibility it bears for its failure to comply with the relator's public records request. As previously discussed, relator is entitled to $1,000 in statutory damages. We also find that relator has met the threshold determination for attorney fees regarding public benefit.

{¶ 30} The Supreme Court of Ohio has established that the award of attorney fees is dependent upon an aggrieved party demonstrating that the release of the requested public records provides a public benefit that is greater than the benefit to the requester. *State ex rel. Dawson v. Bloom-Carroll Local School Dist.,* 131 Ohio St.3d 10, 2011-Ohio-6009, ¶ 34; *State ex rel. Beacon Journal Publishing Co. v. Akron,* 104 Ohio St.3d 399, 2004-Ohio-6557.

{¶ 31} Several courts have denied attorney fees to relators where the relator was unable to demonstrate a public benefit conferred by having sought the disclosure of public records. For example, the Eighth District Court of Appeals recently denied a relator's request for damages and fees because the relator's only claim of public benefit was ensuring that the Ohio Public Records Act be enforced against the respondents. *State ex rel. Difranco v. South Euclid*, 8th Dist. No. 97713, 2012-Ohio-4339. Similarly, the Ohio Supreme Court denied a relator's request for attorney fees where the relator requested the public records that were beneficial "mostly to *her* for purposes of a potential civil action." *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, ¶ 58. (Emphasis in original.)

{¶ 32} Here, however, we find that there is sufficient public benefit. The record is clear that relator uses the public documents she requests to inform interested members of the public as to the goings-on of Fairfield Township. Relator requests the public records and then makes these records available those who may not otherwise have the time or wherewithal to retrieve the public documents on their own. Relator's blog has received thousands of visitors, and the record indicates that the public does benefit from relator

gathering the public records and disseminating them on her blog by allowing interested citizens to have immediate access to public records, audio recordings, and other gathered materials.

{¶ 33} We are, of course, aware of the fact that in so gathering and disseminating the records, relator may espouse her own personal opinions and sentiments regarding the township and its administration. However, the fact remains that relator makes the documents and recordings available to interested citizens regardless of whether they too agree with any expressed opinions. Presumably, relator does not limit access to her blog to only those that share her opinion regarding the township, but rather, the website is open to any interested citizen who wants to learn more about the township and its administration. Members of the public may rely on relator's blog to access documents like those posted by relator. This is not the case where relator is merely trying to ensure that the township complies with the Public Records Act, or where relator is requesting the public records to assist her in a personal lawsuit moving forward. Instead, the release of the requested public records appears to provide a public benefit that is greater than the benefit to the relator.

{¶ 34} Having found that relator has successfully met the threshold determination of public benefit, the parties must now submit evidence regarding reasonable attorney fees as set forth in the statute. We will appoint a magistrate to hear the evidence and determine the issue of attorney fees according to the mandates within R.C. 149.43.

{¶ 35} Given the production of documents as of July 2012, the petition for the writ of mandamus is hereby rendered moot. However, judgment is granted to relator in the amount of $1,000 for statutory damages permitted pursuant to R.C. 149.43 (C)(1), and court costs associated with the prosecution of this petition as set forth in the statute and App.R. 24. We venture no opinion at this time if attorney fees should be awarded, and the award of attorney fees, if any, will be determined by the magistrate appointed under separate entry.

S. POWELL, P.J., RINGLAND and PIPER, JJ., concur.