[Cite as *State ex rel. Bristow v. Baxter*, 2019-Ohio-214.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel. Lonny Bristow        Court of Appeals No.  E-18-026

       Relator

v.

Kevin Baxter, et al.        **DECISION AND JUDGMENT**

       Respondents        Decided:  January 23, 2019

* * * * *

Lonny Bristow, pro se.

Kevin J. Baxter, Erie County Prosecuting Attorney,
Gerhard R. Gross, and Mark P. Smith, Assistant Prosecuting
Attorneys for respondents.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** This matter is before the court on respondents' July 27, 2018 "Motion to

Dismiss Relator's Complaint," relator's August 9, 2018 "Motion for Judgment by

Default," relator's August 14, 2018 "Motion for Summary Judgment," respondents' September 12, 2018 "Motion for Leave to File Supplemental Affidavit Instanter," and respondents' October 10, 2018, "Motion for Leave to Amend Exhibit Instanter."

## I. Facts and Procedural Background

{¶ 2} The salient facts in this action are as follows. On June 26, 2018, relator filed his "Amended Petition for Writ of Mandamus," in which relator sought (1) personnel files for 16 different individuals in the Erie County Prosecutor's Office; (2) the Erie County Prosecutor's Office Public Records Policy; (3) requests for time off regarding seven different individuals in the Erie County Prosecutor's Office over one-year periods; and (4) a list of all cell phones paid for by Erie County on behalf of each respondents' office, the phone number for each such cell phone, and the name of the employee who uses each such cell phone. Relator alleged in his petition that he hand-delivered his written public records requests, and sent public records requests by certified mail, yet has not received a response. Relator also requested statutory damages for respondents' failure to comply with his public records requests.

{¶ 3} On July 11, 2018, we issued an alternative writ, and ordered respondents, within 14 days of service of the alternative writ, to either do the act requested by relator in the petition or show cause why they are not required to do so by filing an answer or a

2.

motion to dismiss. Most of the respondents were served with the alternative writ on July 12 or 13, 2018.[1]

{¶ 4} On July 27, 2018, respondents filed their motion to dismiss relator's petition. Attached to their motion was an affidavit from the Erie County Assistant Prosecutor, who stated that on July 27, 2018, he personally provided all of the requested records to relator, subject to any redactions or withholdings as provided by law. Thus, respondents argued that relator's complaint in mandamus should be dismissed as moot.

{¶ 5} On August 9, 2018, relator moved for default judgment against respondents, Judge Tygh Tone, Judge Robert Delamatre, Judge Beverly McGookey, Luvada Wilson, and Paul Sigsworth. Relator argued that those individuals were served with the notice of the alternative writ on July 12, 2018, but did not respond until July 27, 2018, one day after our 14-day deadline.

{¶ 6} On August 14, 2018, relator filed his combined motion for summary judgment and response to respondents' motion to dismiss. In his motion, relator argued that his complaint was not moot because he sought statutory damages for respondents' failure to comply with the public records law. Relator further argued that because respondents delayed in responding to his requests, he was entitled to the maximum amount of statutory damages for each request, totaling $21,000. Specifically, relator identified:

---

[1] Erie County Engineer John Farschmann was served on July 16, 2018, and Erie County Clerk of Courts Luvada Wilson was served on July 26, 2018.

3.

1. Gross personnel file. Submitted March 26, 2018. Responded to on July 27, 2018. * * * *

2. Lippert personnel file. Submitted March 26, 2018. Responded to on July 27, 2018. * * * *

3. Lindsey personnel file. Submitted March 26, 2018. Responded to on July 27, 2018. * * * *

4. Reynolds personnel file. Submitted March 26, 2018. Responded to on July 27, 2018. * * * *

5. Erie County Public Records Policy. Submitted March 26, 2018. Responded to on July 27, 2018. * * * *

6. Hilvers personnel file. Submitted April 5, 2018. Responded to on July 27, 2018. * * * *

7. Schwinn personnel file. Submitted April 5, 2018. Responded to on July 27, 2018. * * * *

8. Toomey personnel file. Submitted April 5, 2018. Responded to on July 27, 2018. * * * *

9. Gallagher personnel file. Submitted April 5, 2018. Responded to on July 27, 2018. * * * *

10. Battista personnel file. Submitted April 20, 2018. Responded to on July 27, 2018. * * * *

11. Schultes personnel file. Submitted April 20, 2018. Responded to on July 27, 2018. * * * *

12. Sidoti personnel file. Submitted April 20, 2018. Responded to on July 27, 2018. * * * *

13. Rieger personnel file. Submitted April 20, 2018. Responded to on July 27, 2018. * * * *

14. Buchanan personnel file. Submitted April 24, 2018. Responded to on July 27, 2018. * * * *

15. Woodruff personnel file. Submitted April 24, 2018. Responded to on July 27, 2018. * * * *

16. Time off requests for Schnittker. Submitted April 24, 2018. Responded to on July 27, 2018. * * * *

17. Time off request for Schultes. Submitted May 10, 2018. Responded to on July 27, 2018. * * * *

18. Time off request for Battista. Submitted May 10, 2018. Responded to on July 27, 2018. * * * *

19. Time off request for Woodruff. Submitted May 10, 2018. Responded to on July 27, 2018. * * * *

20. Time off request for Smith. Submitted May 10, 2018. Responded to on July 27, 2018. * * * *

21. Time off request for Sidoti. Submitted May 10, 2018.

Responded to on July 27, 2018. * * * *

Finally, relator argued that respondents improperly denied his request to the Erie County Sheriff for all cellphone numbers paid for by the county, and the names of the persons to whom those numbers are assigned.

{¶ 7} On August 23, 2018, respondents Judge Tygh Tone, Judge Robert Delamatre, Judge Beverly McGookey, Luvada Wilson, and Paul Sigsworth, filed their response to relator's motion for default judgment, and simultaneously filed a motion for leave for late filing of their motion to dismiss.

{¶ 8} On September 11, 2018, respondents filed their combined motion in response to relator's motion for summary judgment and reply in support of their motion to dismiss. In their motion, respondents first argued that relator has abandoned any claims raised in his petition that were not addressed in his motion for summary judgment. Next, respondents argued that their responses to relator's public records requests were made within a reasonable time given the voluminous nature of the requests and the need to redact personal and non-disclosable information. Thus, respondents concluded that relator is not entitled to statutory damages. Finally, relative to the request for the cell phone numbers, respondents argued that those numbers are not public records subject to disclosure, because those numbers are used to communicate with confidential informants.

6.

{¶ 9} The next day, on September 12, 2018, respondents moved to supplement their September 11, 2018 filing with an affidavit from the Assistant Erie County Prosecutor. In the affidavit, the assistant prosecutor states that relator filed 42 public records requests over a period of 42 business days, and the cumulative nature of the requests, as well as the need to redact and withhold sensitive information from the records, resulted in it taking as long as it did to respond to the 21 requests about which relator is now complaining.

{¶ 10} On September 14, 2018, relator filed his reply in support of his motion for summary judgment. In his reply brief, relator argued that respondents did not respond to his public records requests within a reasonable time, and further notes that he received no response at all in relation to his requests until July 27, 2018, after he filed this mandamus action.

{¶ 11} On October 9, 2018, respondents filed an amended version of their September 11, 2018 combined response to relator's motion for summary judgment and reply in support of their motion to dismiss. The amended version consisted of the same arguments raised in the September 11, 2018 filing, just more fully developed. The next day, on October 10, 2018, respondents filed their motion for leave to amend Exhibit A to the October 9, 2018 filing, stating that the exhibit, which was an affidavit from the Assistant Erie County Prosecutor, included the wrong copy and was not notarized.

7.

## II. Analysis

### A. Relator's Motion for Default Judgment

{¶ 12} We will begin our analysis with relator's motion for default judgment. Relator argues that default judgment should be granted against respondents Judge Tygh Tone, Judge Robert Delamatre, Judge Beverly McGookey, Luvada Wilson, and Paul Sigsworth because those respondents failed to comply with our alternative writ within the 14 days provided. Under the specific facts of this case, we find relator's motion not well-taken.

{¶ 13} Here, relator filed a mandamus action against numerous Erie County officials. Prior to our issuance of the alternative writ, respondents as a group moved to stay relator's petition. Likewise, respondents have opposed relator's petition as a group throughout these proceedings. Relator asks us to enter default judgment against five individual respondents because the group's motion to dismiss was filed 15 days after four of those individual respondents were served with the alternative writ.[2] Notably, the majority of the remaining respondents were served one day later than the other four, and thus the group's motion to dismiss was timely as to them. Recognizing our right to control our own docket, *see State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981), we find that it would be unjust to enter judgment against those five individual respondents.

---

[2] Respondent Luvada Wilson was not served until July 26, 2018.

8.

**{¶ 14}** Accordingly, upon due consideration, relator's motion for default judgment is not well-taken, and is hereby denied.

### B. Respondents' Motions to Supplement and Amend

**{¶ 15}** Turning now to respondents' September 12, 2018 "Motion for Leave to File Supplemental Affidavit Instanter" and October 10, 2018, "Motion for Leave to Amend Exhibit Instanter," we find that the procedural relief requested in those motions would not unfairly prejudice relator.

**{¶ 16}** Accordingly, upon due consideration, respondents' "Motion for Leave to File Supplemental Affidavit Instanter" and "Motion for Leave to Amend Exhibit Instanter" are well-taken, and are hereby granted.

### C. Respondents' Motion to Dismiss and Relator's Motion for Summary Judgment

**{¶ 17}** Having resolved the procedural issues, we will now address the merits of relator's petition. We begin by noting that respondents' motion to dismiss relies on information outside of the complaint, namely the attached affidavit from the Assistant Erie County Prosecutor, thus we will treat it as a motion for summary judgment. *See* Civ.R. 12(B) ("When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.").

9.

{¶ 18} To be entitled to summary judgment, the moving party must demonstrate (1) that there is no genuine issue of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

### 1. Relator's Abandoned Claims

{¶ 19} In his petition, relator sought a writ of mandamus concerning 24 requests for records submitted to respondents Kevin Baxter and Gerhard Gross. In addition, relator sought a writ of mandamus regarding an email request to all of the respondents for a list of cell phones paid for by the county. Thereafter, in his motion for summary judgment, relator sought statutory damages relating to only 21 of his requests submitted to Baxter and Gross, and a writ of mandamus only against respondent Erie County Sheriff Paul Sigsworth relative to the production of the list of cell phones.

{¶ 20} Respondents argue in their motion to dismiss that relator has abandoned those claims not addressed in his motion for summary judgment. Notably, relator does not argue otherwise. We agree with respondents. As we have previously stated, "We need not address claims raised in a petition for a writ of mandamus but not specifically argued in the merit briefs. * * * * To the extent that Bristow's petitions seek any

10.

documents other than the ones listed, we find that Bristow abandoned those claims and we decline to consider them." (Internal citations omitted.) *State ex rel. Bristow v. Baxter*, 6th Dist. Erie Nos. E-17-060, E-17-067, E-17-070, 2018-Ohio-1973, ¶ 2, fn. 3.

{¶ 21} Therefore, we find that relator has abandoned his claims against respondents Hon. Tygh Tone, Hon. Roger Binette, Hon. Robert Delamatre, Hon. Beverly McGookey, Luvada Wilson, Matt Old, Pat Shenigo, Bill Monaghan, Nancy Ostrander, Vicki Fitzgerald, Rick Jeffrey, John Farschmann, Barb Sessler, and Leah Trumpower. Accordingly, relator's petition as to those respondents is dismissed.

{¶ 22} Furthermore, we find that relator his abandoned his claims relative to his March 15, 2018 requests for the personnel files of Mark P. Smith and Rachel Green, and his request for Gerhard Gross' time off requests between April 23, 2017, and April 23, 2018. Therefore, relator's petition as to those claims is dismissed.

{¶ 23} Remaining is relator's petition for a writ of mandamus to compel Paul Sigsworth to disclose the list of cell phones provided by the county that are used by the sheriff's department, which relator has not received, relator's petition to compel Kevin Baxter and Gerhard Gross to produce the 21 records he seeks, which he has received, and relator's complaint for statutory damages.

### 2. Sheriff's List of Cell Phones

{¶ 24} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible*

11.

*Medicine v. Bd. of Trustees. of Ohio State Univ.*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. To be entitled to a writ of mandamus, relator must establish a clear legal right to the requested relief and a clear legal duty on the part of respondents to provide the relief. *State ex rel. Carr v. London Corr. Inst.*, 144 Ohio St.3d 211, 2015-Ohio-2363, 41 N.E.3d 1203, ¶ 20. Further, relator must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 19.

{¶ 25} In their motion to dismiss, respondents argue that the list of cell phones used by the sheriff's department is not a public record under R.C. 149.43. R.C. 149.43(A)(1)(h) provides that "'Public record' means records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units * * *. 'Public record' does not mean any of the following: * * * (h) Confidential law enforcement investigatory records." Relevant here, "confidential law enforcement investigatory records" is defined as "any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following: * * * (d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source." R.C. 149.43(A)(2)(d).

{¶ 26} In support, respondents have submitted the affidavit of respondent Sheriff Paul Sigsworth, in which he stated that the cell phones are used in confidential

12.

investigatory matters to communicate with victims, witnesses, confidential informants, and others. Further, Sigsworth stated that releasing the cell phone information would endanger the life or physical safety of law enforcement personnel, crime victims, witnesses, and confidential information sources.

{¶ 27} Relator, on the other hand, has provided no argument or evidence that the list of cell phones is not a "confidential law enforcement investigatory record," save for his conclusory statement that "[respondents' denial] is just another ploy by these respondents to play games and try to obstruct access to public records. Because [R.C. 149.43(A)(2)(d)] is not a valid basis to deny the requested information, said information must be released."

{¶ 28} Therefore, because relator has provided no evidence to the contrary, we hold that no genuine issue of material fact exists that the requested list of cell phones is a confidential law enforcement investigatory record, and is therefore not a public record as defined in R.C. 149.43(A). Accordingly, relator cannot demonstrate that he is entitled to the relief requested, and summary judgment on relator's petition for a writ of mandamus is awarded in favor of respondent Paul Sigsworth, and the mandamus claim against him is dismissed.

### 3. 21 Public Records Requests Submitted to Respondents Kevin Baxter and Gerhard Gross

{¶ 29} Respondents next argue that relator's petition for a writ of mandamus must be dismissed as moot because relator has received the relief requested. "In general,

13.

providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14.

{¶ 30} Here, respondents have submitted the affidavit of Gerhard Gross that he personally delivered the requested documents to relator on July 27, 2018. In addition, relator has acknowledged in his affidavit submitted in support of his motion for summary judgment that respondents did provide the requested records. Therefore, we hold that no genuine issue of material fact exists that the requested records have been provided to relator. Accordingly, because relator has received the relief that he requested, his mandamus claims against respondents Kevin Baxter and Gerhard Gross are dismissed as moot.

### 4. Statutory Damages

{¶ 31} Initially, respondents argue that the production of the requested documents renders relator's entire claim moot, and the action must be dismissed. However, "the production of requested documents does not, according to the Public Records Act, moot a claim for statutory damages, court costs, and attorney fees." *State ex rel. Hartkemeyer v. Fairfield Twp.*, 12th Dist. Butler No. CA2012-04-080, 2012-Ohio-5842, ¶ 12, citing *State ex rel. Cincinnati Enquirer v. Heath*, 121 Ohio St.3d 165, 2009-Ohio-590, 902 N.E.2d 976, ¶ 18.

{¶ 32} Pertaining to statutory damages, R.C. 149.43(C)(2) provides,

14.

If a requester transmits a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requester shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award of statutory damages shall be in addition to all other remedies authorized by this section.

The court may reduce an award of statutory damages or not award statutory damages if the court determines both of the following:

(a) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requetsetd public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section;

(b) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

**{¶ 33}** In this case, respondents argue that statutory damages are not appropriate because the records were produced within a reasonable time. "R.C. 149.43(B) provides that 'all public records shall be *promptly* prepared and made available for inspection to

any person at all reasonable times during regular business hours.'" (Emphasis sic.) *State ex rel. Wadd v. City of Cleveland*, 81 Ohio St.3d 50, 52, 689 N.E.2d 25 (1998). "The word 'promptly' is not defined in R.C. 149.43 or any other applicable statute. Therefore, it must be accorded its usual, normal, or customary meaning. * * * * 'Promptly' means 'without delay and with reasonable speed' and its meaning 'depends largely on the facts in each case.'" (Internal citations omitted). *Id.* at 53.

{¶ 34} Here, the undisputed facts are that on March 28, 2018, relator sent five separately signed public records requests by certified mail to respondents. On April 5, 2018, relator hand delivered another four separately signed written public records requests. On April 23, 2018, relater sent four more separately signed public records requests by certified mail. On April 24, 2018, relator hand delivered an additional three separately signed written public records requests. Finally, on May 11, 2018, relator hand delivered five separately signed written public records requests. Combined, the requests asked for the personnel files of 14 individuals, the time off requests for six individuals, and the Erie County Public Records Policy. Respondents do not dispute that the requested records are in fact public records. It is further undisputed that respondents did not respond to relator's public records requests in any manner until July 27, 2018, 22 business days after relator filed his mandamus action.

{¶ 35} In support of their argument that the records were produced within a reasonable time, respondents first cite *State ex rel. Patituce & Assocs., LLC v. Cleveland*,

17.

2017-Ohio-300, 81 N.E.3d 863 (8th Dist.). In *Patituce*, a law firm sought the production of policies, manuals, and regulations relating to police body cameras and videos in the city's possession. The law firm then submitted a second request asking for the production of policies regarding search warrants, a list of officers in the Gang Impact Unit, personnel files, training certifications, disciplinary reports, and continuing education classes for nine specific police department employees and officers in the Gang Impact Unit. On July 6, 2016, one month after the first request, the city notified the law firm that it had received the requests and would produce the records as they were compiled and received. Subsequently, the law firm sought status updates from the city on July 15, 2016, July 28, 2016, August 4, 2016, and August 5, 2016, which went unanswered. On August 12, 2016, the law firm filed its mandamus action. On August 30, 2016, and September 14, 2016, the city produced the documents in response to the requests. *Id.* at ¶ 2.

{¶ 36} In denying the law firm's request for statutory damages, the Eighth District found that the nature of the voluminous requests required the city to review the documents so as to not disclose any personal information. In addition, the Eighth District noted that the city advised the law firm that the records would be produced as they were compiled and received, and the city never refused to produce any of the requested records. Thus, the Eighth District found that "the City did provide the records within a reasonable time and that they did provide prompt responses to the Law Firm when it sent

confirmations of the records requests and indicated that the records would be produced." *Id.* at ¶ 10.

{¶ 37} We find *Patituce* to be distinguishable because in that case, unlike here, the city responded to the law firm's requests, and indicated that the records would be produced. Importantly, the Eighth District recognized this fact, and specifically relied upon it to distinguish its decision from that in *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 1136, ¶ 21-22. In *DiFranco*, DiFranco requested the records on October 14, 2011, and the city did not respond to the request in any way until December 16, 2011. *Id.* at ¶ 6-7. The Ohio Supreme Court held that DiFranco was entitled to statutory damages, reasoning, "It follows that the absence of *any* response over a *two-month period* constitutes a violation of the 'obligation in accordance with division (B)' to respond 'within a reasonable period of time' per R.C. 149.43(B)(7). The delay also violates the mandate of R.C. 149.43(B)(1) that the records be 'promptly prepared and made available.'" (Emphasis sic.) *Id.* at ¶ 21.

{¶ 38} Respondents next cite *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 59, in which the Ohio Supreme Court found that a delay of two months was reasonable. In that case, the public records request was for the autopsy reports of eight people who were found dead in Pike County, Ohio. The Ohio Supreme Court held that two months was a

reasonable amount of time given the magnitude of the criminal investigation and the need to redact the reports with care. *Id.*

{¶ 39} Upon review, we do not find respondents' reliance on *Cincinnati Enquirer* to be persuasive because the types of records involved in that case are entirely different than those requested here, and involved a complex analysis in order to not disclose confidential law enforcement investigatory records. Furthermore, we note that even still, the coroner's office in *Cincinnati Enquirer* released the reports within two months, whereas respondents took between two and a half months and four months to release the records.

{¶ 40} Finally, respondents argue that the delay in the production of records was reasonable given that relator had submitted a total of 42 public records requests within two months, and had commenced numerous mandamus actions against respondents during that time as well. However, "No pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of the public records within a reasonable time." *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 36, quoting *State ex rel. Beacon Journal Publishing Co. v. Andrews*, 48 Ohio St.2d 283, 289, 358 N.E.2d 565 (1976).

{¶ 41} Therefore, we find that respondents' delay of two and a half months before producing the records or in any way responding to relator's requests is unreasonable, and

20.

violates the mandate under R.C. 149.43(B)(1) that the records be promptly prepared. Accordingly, relator is entitled to statutory damages.

{¶ 42} Furthermore, while we recognize that relator has been labeled a vexatious litigator, and has a robust history of aggressive litigation regarding public records requests, we find that an award of statutory damages is not only required by law, but also comports with the policy espoused by the Ohio Supreme Court in *Rhodes v. City of New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 19-22.

> The Ohio Public Records Act grants the "substantive right to inspect and copy public records." * * * * In enacting the act, the Ohio General Assembly sought to codify the right of the people of Ohio to observe their own government and scrutinize its decisions. * * * * The purpose of providing public access to government documents and records "is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." * * * * Thus, the act protects the general right of the people of Ohio to monitor the decisions of their own government through the more specific right to freely access public records.
>
> In construing R.C. 149.43(B), this court has consistently held that a public office is obligated to honor a records request by "any person" and that a person does not have to explain his or her reasons for wanting to

inspect and copy a public record in order to validly request the record.  * *

* * This protection is codified in R.C. 149.43(B)(4), which states that

unless it is otherwise specifically permitted by law, "no public office or

person responsible for public records may limit or condition the availability

of public records by requiring disclosure of the requester's identity or the

intended use of the requested public record."

The broad language used in R.C. 149.43 manifests the General

Assembly's intent to jealously protect the right of the people to access

public records.  We are acutely aware of the importance of the right

provided by the act and the vulnerability of that right when the records are

in the hands of public officials who are reluctant to release them.  For this

reason, we stress that public offices are obligated to honor public-record

requests regardless of the requester's reasons for or objectives in requesting

the records.  Allowing the genuineness of a person's request to be within

the purview of the public office would invite recalcitrance and would not

promote the purpose of the act.

The duty imposed on public offices by R.C. 149.43(B) may

sometimes result in wasted public funds because it obligates public offices

to promptly reply to all requests, even frivolous requests.  However, the

General Assembly has balanced the public offices' interest in efficiency

22.

and fiscal integrity against the people's right to monitor their government, *
* * and has chosen to allow the risk of wasted funds. That choice is
reflected in the expansiveness of the phrase "any person" in R.C.
149.43(B). (Internal citations omitted).

{¶ 43} However, we do not award relator the full $21,000 he demands. "R.C. 149.43(C)(1) does not permit stacking of statutory damages based on what is essentially the same records request. No windfall is conferred by the statute." *State ex rel. Dehler v. Kelly*, 127 Ohio St.3d 309, 2010-Ohio-5724, 939 N.E.2d 828, ¶ 4. Here, relator's requests are essentially for three different categories of information: (1) personnel files, (2) time off requests, and (3) the Erie County Public Records Policy. Because respondents did not provide the records until 22 business days after relator filed his mandamus petition, relator is entitled to the maximum of $1,000 per category of request, for a total damages award of $3,000.

### III. Conclusion

{¶ 44} For the foregoing reasons we find that relator's August 9, 2018 "Motion for Judgment by Default" is not well-taken, and it is hereby denied.

{¶ 45} We find respondents' September 12, 2018 "Motion for Leave to File Supplemental Affidavit Instanter," and October 10, 2018, "Motion for Leave to Amend Exhibit Instanter" well-taken, and they are hereby granted.

23.

**{¶ 46}** We find respondents' July 27, 2018 "Motion to Dismiss Relator's Complaint," and relator's August 14, 2018 "Motion for Summary Judgment," well-taken, in part, and not well-taken, in part. Relator's petition for a writ of mandamus is denied as to all respondents, and it is hereby dismissed. Relator's claim for statutory damages is granted as to respondents Kevin Baxter and Gerhard Gross, and relator is awarded $3,000 in statutory damages.

**{¶ 47}** Finally, we find that R.C. 149.43(C)(3)(b)(iii) applies, and hereby award all court costs of this action to relator and against respondents, pursuant to R.C. 149.43(C)(3)(a)(ii).

Writ denied, in part,<br>
and granted, in part.

Mark L. Pietrykowski, J.                  _____

                                                JUDGE

Thomas J. Osowik, J.

                                  _____

Christine E. Mayle, P.J.                            JUDGE
CONCUR.

                                  _____

                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.