THE STATE EX REL. BARDWELL, APPELLEE, *v.*

CITY OF CLEVELAND ET AL., APPELLANTS.

[Cite as *State ex rel. Bardwell v. Cleveland*,

126 Ohio St.3d 195, 2010-Ohio-3267.]

*Public Records Act — Reports filed by pawnbrokers — Judgment reversed.*

(No. 2009-2192 — Submitted June 9, 2010 — Decided July 15, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 91831, 2009-Ohio-5688.

_____

**Per Curiam.**

{¶ 1} We reverse the judgment of the court of appeals insofar as it found that appellants, the city of Cleveland and Chief Michael McGrath of the Cleveland Division of Police, violated their duty under the Public Records Act to organize and maintain public records received from pawnbrokers in a manner that allows them to be made available for inspection and copying. The court of appeals granted a writ of mandamus to compel appellants to disclose a complete list of pawnbrokers in the city and ordered appellants to pay $1,000 in statutory damages.[1]

{¶ 2} The court of appeals held that appellants failed to "organize and maintain public records in a manner that they can be made available for inspection or copying" in compliance with R.C. 149.43(B)(2). Among the records requested by appellee, Brian Bardwell, were the reports submitted to the

_____

1. This holding was premised in part on the court of appeals' finding that appellants had committed a violation of R.C. 149.43(B)(1) by failing to promptly disclose a complete list of pawnbrokers to appellee and that the delay in doing so warranted the $1,000 award of statutory damages. That portion of the judgment is not challenged by appellants and is not reversed by our holding.

police chief by pawnbrokers pursuant to R.C. 4727.09. The court of appeals concluded that "[t]he system of 3 x 5 inch index cards with information on both sides is antiquated. It produced an unwieldy number of cards. The process of copying, redacting, and recopying in order to make effective redactions is not maintaining records in a manner to make them available for inspection or copying. The court further finds that this process substantially contributed to the delay in releasing the records." 2009-Ohio-5688, 2009 WL 3478444, ¶ 19.

{¶ 3} This case asks us to consider the efficacy of Cleveland's method of organizing and maintaining reports submitted by pawnbrokers to the chief of police. R.C. 4727.09 requires that pawnbrokers provide to police chiefs on a daily basis (1) a description of all property pledged with or purchased by the pawnbroker and (2) the number of the form used to document the pledge or purchase, but the statute does not require that the information be supplied in any particular form. Pawnbrokers have submitted this information on both sides of preprinted index cards. There is no evidence that the city requires that pawnbrokers submit the information on these cards.

{¶ 4} Once these cards are received by the police chief, they are public records. Although R.C. 149.43(B)(2) imposes a duty on appellants to "organize and maintain public records in a manner that they can be made available for inspection and copying," there is no duty imposed on public offices and officials to store the records in a different form from the form in which they were received.

{¶ 5} " 'It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty.' " *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 4, quoting *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18. Although from a policy standpoint appellants could reduce delays in satisfying public-records requests in

the future by requesting pawnbrokers to submit this information on an 8½- by 11-inch, one-sided paper form, there is no requirement under R.C. 149.43(B)(2) that appellants do so, and the court of appeals was not authorized to create such a duty. The city and its police chief "have no duty to create or provide access to nonexistent records." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15. Under these circumstances, the court of appeals erred in holding that appellants violated R.C. 149.43(B)(2). Appellants did not fail to organize and maintain the index cards they received from pawnbrokers in such a manner that the cards could be made available for inspection and copying.

Judgment reversed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, and LANZINGER, JJ., concur.

BROWN, C.J., and O'DONNELL and CUPP, JJ., concur separately.

————————————

**O'DONNELL, J., concurring.**

{¶ 6} I concur with the majority's decision to reverse the judgment of the court of appeals, because R.C. 149.43(B)(2) does not require public records to be maintained in any particular manner or form. Thus, while the city of Cleveland's outdated method of organizing and maintaining reports submitted by pawnbrokers to the chief of police resulted in the delayed production of the public records Bardwell had requested, the city nonetheless made those records available to him.

{¶ 7} However, although I agree that the city did not violate R.C. 149.43(B)(2) in this case, R.C. 149.43(B)(1) mandates that public records be "promptly prepared and made available." Accordingly, when its budget allows, the city could take advantage of technological advances to upgrade its public-records system to minimize any delay in responding to public-records requests.

BROWN, C.J., and CUPP, J., concur in the foregoing opinion.

————————————

3

Robert J. Triozzi, Cleveland Director of Law, and Jerome A. Payne Jr., Assistant Director of Law, for appellants.

_____