THE STATE EX REL. PATTON, APPELLANT, *v.* RHODES, AUD., APPELLEE.

[Cite as *State ex rel. Patton v. Rhodes,* 129 Ohio St.3d 182, 2011-Ohio-3093.]

*Mandamus — Public records — R.C. 149.43 — County auditor has no obligation under R.C. 149.43(B) to provide access to public records by means of posting records on website — Requester of records not entitled to attorney fees or statutory damages under R.C. 149.43(C)(1).*

(No. 2011-0183 — Submitted May 24, 2011 — Decided June 30, 2011.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-100258, 2011-Ohio-213.

_____

**Per Curiam.**

## Facts

{¶ 1} This is an appeal from a judgment denying a request by appellant, Michael Earl Patton, for attorney fees and statutory damages in a mandamus action. In that underlying action, Patton sought a writ directing Dusty Rhodes, Hamilton County Auditor, to provide him with access to the county's financial reports for 2004, 2005, 2006, and 2008 pursuant to R.C. 149.43, Ohio's Public Records Act. The court of appeals dismissed Patton's mandamus action as moot, in that Patton received the access he sought by virtue of the posting of the requested records on the county auditor's website. The appellate court also denied Patton's request for statutory damages and attorney fees. Because the court of appeals did not abuse its discretion in denying Patton's request for damages and fees, we affirm its judgment.

{¶ 2} On March 5, 2010, Patton hand-delivered the following written request to the Hamilton County Auditor's Office:

**{¶ 3}** "Pursuant to the Ohio Public Records Act, I request a copy of the financial reports of Hamilton County prepared by the county auditor for the fiscal years of 2004, 2005, 2006, and 2008. The information may be either released to me personally or put on the county auditor's website. If the latter, then please contact me when the information has been added."

**{¶ 4}** When the request was made, the annual financial statements already audited by the state auditor had been posted on the county auditor's website. The financial statements for 2004, 2005, and 2006 had not been posted, because the state auditor had not completed those audits. The process had been impeded by certain claims by the United States and Ohio about expenditures and accounting procedures of the Hamilton County Department of Job and Family Services in those years. Because of the complex issues causing these financial statements to remain unaudited, subsequent audits were more complicated, and the audit of the 2008 financial statement had not been completed.

**{¶ 5}** On March 15, 2010, the county auditor's office asked the state auditor's office for its opinion concerning Patton's request for the unaudited financial reports. That same day, the state auditor's office responded that providing those reports to Patton was appropriate, but cautioned that the reports should be clearly labeled "unaudited."

**{¶ 6}** On March 31, the county auditor's office asked the state auditor's office about the propriety of posting the requested unaudited financial reports on its website. The state auditor's office warned the county auditor to make sure that the reports "are clearly marked unaudited, and possibly indicate that they are not the final" reports.

**{¶ 7}** On April 16, 2010, after receiving no response from the county auditor to his March 5 request, Patton filed a complaint in the Court of Appeals for Hamilton County for a writ of mandamus to compel the county auditor to make the requested financial reports available for inspection and copying in

accordance with the Public Records Act, R.C. 149.43, and for an award of statutory damages and attorney fees under the act.

{¶ 8} On April 20, the county auditor's office asked the state auditor's office whether the following cautionary language would suffice should the county auditor post the unaudited financial reports on its website: "Please note that these financial reports are draft statements only. They are unaudited and should not be considered to be the County's final financial statements for the period indicated." The state auditor's office approved the proposed cautionary language that same day.

{¶ 9} On April 30, 2010, the county auditor notified Patton that the requested financial statements had been posted on the auditor's website on or shortly before that date. Because the requested financial statements were not stored in electronic format, they had to be scanned and formatted so that they could be posted on the website.

{¶ 10} The county auditor submitted an answer to Patton's mandamus complaint, and the parties submitted stipulated evidence. Patton subsequently conceded that by posting the requested financial records online, the county auditor had satisfied his request. Patton filed a motion for an award of statutory damages, attorney fees, and costs. The county auditor filed a motion for summary judgment. On January 21, 2011, the court of appeals dismissed Patton's mandamus action as moot and denied his motion for an award of statutory damages and attorney fees.

{¶ 11} This cause is now before the court upon Patton's appeal as of right.

**Analysis**

{¶ 12} Patton asserts that the court of appeals erred in denying his request for statutory damages and attorney fees. In this appeal, we review whether the court of appeals abused its discretion in denying the request. See *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 1, 47

(holding that a court of appeals did not abuse its discretion in its award of statutory damages and attorney fees in a public-records mandamus case).

**{¶ 13}** Patton bases his entitlement to the requested damages and fees on provisions of R.C. 149.43, the Public Records Act. R.C. 149.43(C)(1) provides:

**{¶ 14}** "If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, *the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section*, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section." (Emphasis added.)

**{¶ 15}** Although Patton cited the Public Records Act in both his March 5, 2010 request for the county's financial reports and in his complaint in mandamus, part of the relief he requested–the placement of the requested records on the county auditor's website–is not the relief that is authorized by R.C. 149.43. That statute specifies two primary means of providing access to public records: (1) making the records "available for inspection to any person at all reasonable times during regular business hours" and (2) making "copies of the requested public record[s] available at cost and within a reasonable period of time." R.C. 149.43(B)(1). The statute does not require a public office or person responsible for public records to post these records online on the office's website.

**{¶ 16}** R.C. 149.43(C)(1) authorizes a mandamus action to obtain a "judgment that orders the public office or the person responsible for the public record to comply with division (B)" of the statute. Division (B) does not require

4

the posting of public records online. The county auditor was not obliged to comply with Patton's request that the records be posted on the county auditor's website. Thus, to the extent that Patton sought the online posting of the requested documents, his request was not authorized by R.C. 149.43(B), and he may not be awarded attorney fees and statutory damages under R.C. 149.43(C)(1).

{¶ 17} "It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus." (Emphasis deleted.) *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18; see also *State ex rel. Bardwell v. Cleveland*, 126 Ohio St.3d 195, 2010-Ohio-3267, 931 N.E.2d 1080 (court of appeals was not authorized to create duty on the part of city and its police chief to require pawnbrokers to submit certain reports on regular paper rather than on index cards when there was no such requirement under R.C. 149.43(B)(2)).

{¶ 18} Therefore, based on the foregoing, the court of appeals did not abuse its discretion by denying Patton's request for an award of statutory damages and attorney fees for his mandamus claim. The possibility that the court of appeals' rationale for ruling this way may have been erroneous does not warrant a reversal of its correct judgment denying the damages and fees. See *State ex rel. Dehler v. Kelly*, 127 Ohio St.3d 309, 2010-Ohio-5724, 939 N.E.2d 828, ¶ 2 (applying this axiom in a public-records mandamus case).

{¶ 19} Additionally, the court of appeals did not abuse its discretion in denying his request for the following reasons.

{¶ 20} First, the court of appeals correctly held that the county auditor satisfied Patton's request for copies of the financial reports–by posting them online–within the "reasonable period of time" specified in R.C. 149.43(B)(1). This determination is dependent "upon all of the pertinent facts and

circumstances." *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10. The pertinent facts and circumstances are that audits of the financial reports by the state auditor had not been completed, potential claims by the federal and state governments prevented the completion of the audit, and possible harm to persons relying on the unaudited statements justified the county auditor's cautious approach in seeking the advice of the state auditor before agreeing to post the unaudited reports on his website with a warning approved by the state auditor.

{¶ 21} Second, because Patton failed to establish that the county auditor "failed to comply with an obligation in accordance with" R.C. 149.43(B), he was also not entitled to an award of statutory damages. R.C. 149.43(C)(1).

### Conclusion

{¶ 22} Thus, Patton cannot prove that the court of appeals erred in denying his request for statutory damages and attorney fees, and we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

The Law Firm of Curt C. Hartman and Curt C. Hartman, for appellant.

Joseph Deters, Hamilton County Prosecuting Attorney, and Christian J. Schaefer and Roger E. Friedman, Assistant Prosecuting Attorney, for appellee.

_____