THE STATE EX REL. WATSON, APPELLANT, *v.* MOHR, DIR., ET AL., APPELLEES.

[Cite as *State ex rel. Watson v. Mohr,* 131 Ohio St.3d 338, 2012-Ohio-1006.]

*Mandamus—Public records—R.C. 149.43—Statutory award of attorney fees not warranted when relator has not paid copying costs for requested records.*

(No. 2011-1873—Submitted March 7, 2012—Decided March 15, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 10AP-949, 2011-Ohio-402.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying the request of appellant, Robert Watson, for statutory damages in connection with his mandamus case, which included claims for public records and for nonpublic records.

{¶ 2} The court of appeals granted a writ of mandamus to compel appellees, various correctional officials and employees, "to provide the documents directly related to Watson * * * *to the extent they exist and have not already been provided, if or when Watson has paid the $.95 for the copies.*" (Emphasis added.) *State ex rel. Watson v. Mohr*, 10th Dist. No. 10AP-949, 2011-Ohio-402, 2011 WL 5005817, ¶ 18. In effect, the court of appeals did not conclusively determine that Watson had submitted the applicable cost for the copies. A request for statutory damages under the Public Records Act, R.C. 149.43, is properly denied if the requester refuses to submit payment for the cost of the requested copies. *State ex rel. Dehler v. Kelly*, 127 Ohio St.3d 309, 2010-Ohio-5724, 939 N.E.2d 828, ¶ 2.

{¶ 3} Nor did the court of appeals specify that appellees had breached any duty owed to Watson under R.C. 149.43(B). To the contrary, the court of

appeals concluded that "[b]ased upon the record before us and the reality of the crowding of the penal system in Ohio, we cannot say that respondents failed to act promptly in response to Watson's requests for public records." 2011-Ohio-402, 2011 WL 5005817, ¶ 18. An award of statutory damages is premised on the court's determination that "the public office or the person responsible for public records failed to comply with an obligation in accordance with [R.C. 149.43(B)]." R.C. 149.43(C)(1); *State ex rel. Patton v. Rhodes*, 129 Ohio St.3d 182, 2011-Ohio-3093, 950 N.E.2d 965, ¶ 21.

**{¶ 4}** Finally, Watson's mandamus claim was based in part on his request for nonpublic records. The claim is not authorized by R.C. 149.43, and he cannot be awarded statutory damages for this claim under R.C. 149.43(C)(1).

**{¶ 5}** Therefore, the court of appeals did not abuse its discretion in denying Watson's request for statutory damages notwithstanding its judgment conditionally granting the writ. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Robert Watson, pro se.

Michael DeWine, Attorney General, and Jason Fuller, Assistant Attorney General, for appellees.

_____