[Cite as *Viola v. Ohio Atty. Gen., Pub. Record Unit*, 2021-Ohio-3828.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Anthony Viola,                              :

       Plaintiff-Appellant,        :

                                      :           No. 21AP-126
v.                                          :           (Ct. of Cl. No. 2020-507PQ)

Ohio Attorney General's Office,             :           (ACCELERATED CALENDAR)
Public Records Unit,
                                        :

       Defendant-Appellee.          :

                                        :

---

D E C I S I O N

Rendered on October 28, 2021

---

**On brief:** *Anthony Viola*, pro se*.* **Argued:** *Anthony Viola.*

**On brief:** *Dave Yost*, Attorney General, *Ann Yackshaw, Bridget C. Coontz,* and *Julie M. Pfeiffer*, for appellee Attorney General of Ohio, Public Records Unit. **Argued:** *Ann Yackshaw.*

---

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiff-appellant, Anthony Viola, appeals from a judgment of the Court of Claims of Ohio adopting a special master's report and recommendation in favor of defendant-appellee, the Ohio Attorney General's Office, Public Records Unit, on appellant's public-records dispute claim brought under R.C. 2743.75. For the following reasons, we affirm the judgment of the Court of Claims.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 28, 2020,[1] appellant submitted a public records request to appellee asserting Assistant Attorney General Dan Kasaris used his personal Yahoo e-mail account for official business.  Appellant included what he alleged to be a copy of such an e-mail as an example and requested appellee "look into" the personal e-mail account of Kasaris and "determine whether its use violates Ohio public records laws."   (Compl., Ex. D at 1.)  Appellant also asked appellee:

> [T]o review that Yahoo account and searc[h] for * * * all e mails
> from the inception of [Kasaris's] employment in 2013 until the
> present mentioning the following key words:
>
> -- Task Force or Mortgage Fraud Task Force
> -- Dawn Pasela
> -- Kathryn Clover
> -- Anthony or Tony Viola
> -- Mark Bennett
> -- Mortgage Fraud
> -- Bryan Butler
> -- Matt or Matthew Fairfield
> -- Jay Milano
> -- Peter Beck
> -- Arvin Clar

(Compl., Ex. D at 1.)

{¶ 3}   Appellee denied appellant's request for public records in July 2020.  In the denial, appellee stated, "[a]s to the portion of your request seeking personal Yahoo email account records, that request is denied because it does not seek public records" and asserted that "[a]ny emails from a personal Yahoo account do not fit within [the] definition" provided in R.C. 149.011(G).  (July 1, 2020 Letter at 2.)  Appellee also considered appellant's request to be "overly broad."  (July 1, 2020 Letter at 2.)

{¶ 4}   On August 18, 2020, appellant filed a complaint in the Court of Claims pursuant to R.C. 2743.75(D) asserting appellee denied him access to public records in violation of R.C. 149.43(B). Specially, appellant stated he "asked the Ohio Attorney General to determine whether or not Assistant Attorney General Dan Kasaris was violating Ohio

---

[1] We note the parties agree that June 28, 2020 is the date of the records request at issue in this case and June 25, 2020 is the date of an earlier, now resolved, records request.  (*See* Compl. Ex. D at 1 and Ex. G at 4; Nov. 11, 2020 Notice of Partial Resolution at 1-2.)

records laws by utilizing his personal Yahoo account for official business and to search that e mail account fr [sic] responsive public records, but that office refused." (Compl. at 1.) Appellant also asked that, if the court determined the Yahoo account should be searched, the court direct appellee and Kasaris's former employers (the Cuyahoga County Prosecutor and the City of North Royalton) to promptly search the Kasaris Yahoo account for records responsive to his request and "determin[e] whether any previous records requests by members of the public should be reopened to include a search of these Yahoo e mails." (Compl. at 4.)

{¶ 5} The Court of Claims appointed a special master to handle the case pursuant to R.C. 2743.75(A), and the matter was referred to mediation. In November 2020, the parties filed a notice of partial resolution updating the court that they had resolved an earlier public records request filed by appellant concerning "[A]ll emails from the inception of [Kasaris's] employment in 2013 until the present mentioning [the same key words above]" but that the June 28, 2020 public records request pertaining to Kasaris's personal Yahoo account remained unresolved. (Nov. 12, 2020 Notice of Partial Resolution at 1.)

{¶ 6} Appellee then filed a combined response to appellant's complaint, motion to strike certain submissions, and motion to dismiss. Appellee attached an affidavit of Kasaris, averring in pertinent part that he has been employed in the Attorney General's Office since August 12, 2013, and that his participation in prosecuting appellant occurred during his previous employment with the Cuyahoga County Prosecutor's office. Kasaris further averred:

> 11. For the most part, I use my email account with Yahoo for personal communications unrelated to [his Ohio Attorney General Office] employment.
>
> 12. On very rare occasions, I have sent to my Yahoo email account copies of emails that I received on my AGO email account. The emails that I sent from my AGO email account to my Yahoo email account were all duplicates of AGO emails. Those emails involved a criminal prosecution that was separate and unrelated to any matter involving [appellant]. Once that criminal case concluded, I deleted the duplicate emails from my Yahoo account. I also saved the emails in my AGO email account to the AGO case file for that case, which are maintained in accordance with the AGO record retention policies.

13. I have no emails related to my AGO employment on my personal Yahoo account.

14. I searched my personal email account * * * using the search terms listed in the above public records request. That search yielded no emails that relate to any case or matter involving the AGO or that relate to my AGO employment.

(Kasaris Aff. at 2-3.)    Appellant submitted a memorandum in opposition to appellee's motion to dismiss and supporting documents.

{¶ 7}    On January 29, 2021, the special master issued a report and recommendation denying appellee's motion to dismiss for failure to state a claim, but concluding based on the pleadings, affidavits, and documents submitted in the action that appellant had not shown appellee violated R.C. 149.43(B).  Appellant filed three objections to the special master's report and recommendation: (1) the special master erred in not addressing "the fact that Kasaris has submitted a materially false affidavit" in the proceedings; (2) the special master erred in stating that "[t]here is no evidence * * * emails sent by Kasaris to his personal account still exist, or that Kasaris violated any records retention provision" and not finding those private e-mails should be searched; and (3) the special master erred in not answering the question of whether all "emails between a prosecutor and government witness constitute public records."  (Feb. 16, 2021 Objs. at 2.)  Appellee responded to the objections and moved to strike documents attached to the objections that had not been provided to the special master.

{¶ 8}    On March 11, 2021, a judge of the Court of Claims overruled appellant's objections and adopted the special master's report and recommendation in favor of appellee in the R.C. 2743.75 claim.  The court concluded that under the plain language of R.C. 2743.75(A) and (F)(1), the special master was not required to determine whether evidence is materially false, to answer all questions that a requester of public records may seek to have answered, or to determine whether all e-mails between a prosecutor and government witness constitute public records. Moreover, the court found that appellant's suggestion that Kasaris's "personal email account *may* contain public records is insufficient to rebut the Special Master's finding that, under the facts and circumstances of this case, [appellant] has not shown by clear and convincing evidence that the manner in which the

[attorney general's office] processed [his] public-records request violated R.C. 149.43(B)." (Emphasis sic.)  (Decision & Entry at 6.)

{¶ 9}    Appellant filed a timely appeal pursuant to R.C. 2743.75(G).

## II. ASSIGNMENT OF ERROR

{¶ 10}  Appellant submits (what he styles as) one assignment of error for our review:

> Following admissions by Assistant Ohio Attorney General Daniel Kasaris he utilized his private Yahoo email account for official business, the Ohio Court of Claims erred when it failed to order the Ohio Attorney General's Office to search that account for emails responsive to a records request, namely emails between Kasaris and government witness Kathryn Clover. According to the United States Attorney's Office in Cleveland, Clover committed perjury during her testimony in criminal trials, further confirming releasing emails between Kasaris and government witness Kathryn Clover is in the interest of justice.
>
> The Court further erred by failing to determine whether or not emails between a prosecutor and a government witness constitute official business, since they relate to criminal prosecutions, a core function of the prosecutor's office.

## III.    STANDARD OF REVIEW

{¶ 11}  "When an issue presents * * * a mixed question of law and fact, a reviewing court will independently review the legal question de novo but will defer to the trial court's underlying factual findings, reviewing them only for clear error."  *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, ¶ 37.  *See also Hurt v. Liberty Twp.*, 5th Dist. No. 17 CAI 05 0031, 2017-Ohio-7820, ¶ 32 ("We review questions of law de novo and questions of fact under an abuse of discretion standard.").

## IV.    ANALYSIS

{¶ 12}  Appellant's assignment of error collectively challenges the Court of Claims' decision in favor of appellee on appellant's R.C. 2743.75 claim alleging denial of access to public records.  For the following reasons, we find the Court of Claims did not err in overruling appellant's objections and adopting the special master's recommendation resolving the public records dispute in favor of appellee.

{¶ 13}  "Ohio's Public Records Act, codified at R.C. 149.43, mandates that requestors have full access to public records unless the requested records fall within one of the

exceptions specifically enumerated in the act." *State ex rel. Cincinnati Enquirer v. Ohio Dept. of Commerce, Div. of State Fire Marshal*, 10th Dist. No. 17AP-63, 2019-Ohio-4009, ¶ 84. *See* R.C. 149.43(B)(1) ("[u]pon request by any person * * * all public records responsive to the request shall be promptly prepared and made available for inspection to the requester at all reasonable times during regular business hours").

{¶ 14} "The Public Records Act reflects the state's policy that 'open government serves the public interest and our democratic system.' " *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, ¶ 13, quoting *State ex rel. Dann v. Taft*, 109 Ohio St.3d 364, 2006-Ohio-1825, ¶ 20. "Consistent with this policy, we construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure of public records." *Glasgow* at ¶ 13.

{¶ 15} Traditionally, a R.C. 149.43(C) mandamus action served as the only means for a requestor to resolve a dispute about provision of public records. *See State ex rel. Bott Law Group, LLC v. Ohio Dept. of Natural Resources*, 10th Dist. No. 12AP-448, 2013-Ohio-5219, ¶ 18, citing *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6. However, the Ohio legislature in 2016 enacted R.C. 2743.75 as "an alternative" to an action in mandamus that provides an " 'expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records' in violation of R.C. 149.43(B)." *Welsh-Huggins* at ¶ 11-12; R.C. 2743.75(A). *See Welsh-Huggins* at ¶ 12-18 (explaining the statutory process for bringing a R.C. 2743.75 action by a form complaint in contrast to meeting special pleading requirements in a mandamus action).

{¶ 16} "While the process established for proceedings under R.C. 2743.75 may be new, the fundamental legal principles that govern disputes over access to alleged public records are not" and generally parallel standards established in mandamus actions brought under R.C. 149.43(C). *Id.* at ¶ 9, 24-36. *See also Hurt* at ¶ 30 ("To promote consistent application of the public records law, we shall review a case brought pursuant to R.C. 2743.75 under the standard of proof required in cases brought under R.C. 149.43(C)(1)(b)."). To that end, as in a R.C. 149.43(C) mandamus action, a complainant in a R.C. 2743.75 proceeding carries the " 'burden of production' * * * to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C.

149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins* at ¶ 33. Likewise, "the 'burden of persuasion' " remains at all times on the requester to prove his or her "right to relief under R.C. 2743.75 by the requisite quantum of evidence." *Id.* at ¶ 34.

{¶ 17} In this case, appellant first asserts that the Court of Claims erred when it failed to order appellee to search Kasaris's personal Yahoo account for e-mails responsive to a records request, namely e-mails between Kasaris and Kathryn Clover, a witness for the prosecution in appellant's previous state and federal criminal trials. Appellee counters that appellant failed to establish by clear and convincing evidence that "records" responsive to his request exist. (Appellee's Brief at 12.) On the record of this case, we agree with appellee.

{¶ 18} Only the public office and official responsible for the requested records has a duty to provide copies of public records under R.C. 149.43. *Cvijetinovic v. Cuyahoga Cty. Aud.*, 8th Dist. No. 96055, 2011-Ohio-1754, ¶ 4 ("[B]ecause the Cuyahoga County Auditor is not the official responsible for the requested records, the auditor has no duty to provide copies of those records under R.C. 149.43."). Similarly, a public office has no duty to provide a nonexistent record. *State ex rel. McDougald v. Greene*, 163 Ohio St.3d 471, 2020-Ohio-5100, ¶ 10.

{¶ 19} Pursuant to R.C. 149.43(A)(1), a " 'public record' means records kept by any public office." R.C. 149.011(G) defines "[r]ecords" as "any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in [R.C. 1306.01], created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 1306.01(G) specifies that "[e]lectronic record" means a record "created, generated, sent, communicated, received, or stored by electronic means." The Supreme Court of Ohio has determined that "requested e-mail messages * * * are 'records' subject to the Public Records Act if they are '(1) documents, devices, or items, (2) created or received by or coming under the jurisdiction of the state agencies, (3) which serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.' " *See Glasgow* at ¶ 20, quoting *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, ¶ 19, and R.C. 149.011(G).

{¶ 20} Here, appellant requested for appellee to review Kasaris's personal e-mail account and "searc[h] for * * * all emails from the inception of [Kasaris's] employment in 2013 until the present" mentioning certain key words. (Compl., Ex. D at 1.) A special master reviewed whether the Attorney General's office violated R.C. 149.43 and determined it had not. The special master noted Kasaris averred that his personal e-mail account did not contain any e-mails relating to his employment at the Attorney General's office and concluded that appellant essentially requested e-mails that were entirely personal and pre-dated Kasaris's employment with the Attorney General's office. In his objections to the special master's report, appellant alleged that a romantic relationship existed between Kasaris and Clover. (Feb. 16, 2021 Objs. at 1.) Appellant contended that because Kasaris's personal e-mail account "may" contain e-mails that constitute public records, his personal e-mail account must be searched by appellee. (Feb. 16, 2021 Objs. at 1.) The trial court found that appellant's "suggestion * * * that Kasaris' personal email account *may* contain public records is insufficient" to show, by clear and convincing evidence, that the Attorney General's Office improperly processed and denied appellant's public records request in violation of R.C. 149.43(B). (Emphasis sic.) (Decision & Entry at 6.)

{¶ 21} Appellant has not demonstrated in this appeal that the trial court erred in this determination. First, appellant cites to *Glasgow* at ¶ 20-28[2] for the proposition that Kasaris's personal e-mail account must be searched for work-related e-mails between Kasaris and Clover. (Appellant's Brief at 4.) *Glasgow* does support the proposition that, in certain circumstances, e-mails sent by a public official and kept by a public office may constitute public records subject to R.C. 149.43. *Id.* at ¶ 20-23. However, contrary to appellant's argument, the *Glasgow* court expressly refused to decide the issue of whether an e-mail message sent from or to a private account can be a "public record." *Id.* at ¶ 23 (finding, based on facts and arguments of that case, "we need not address the issue whether an e-mail message sent from or to a private account can be a public record").

{¶ 22} Regardless, the test outlined in *Glasgow* to determine whether requested e-mail messages are "records" subject to the Public Records Act includes the requirement that the e-mails were "created or received by or coming under the jurisdiction of the state

---

[2] Appellant also cites to "*Kesterson*" with an incomplete and abnormal citation; this court was unable to find the case Viola believed supported his appeal.

agencies" and "which serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." *Id.* at ¶ 20. As detailed by the special master and the Court of Claims, appellant asserted, at most, that work-related emails *may* exist on Kasaris's personal e-mail account. The evidence he provided pre-dated Kasaris's employment with the Attorney General's Office or did not appear to be related to his employment with the Attorney General's Office. As stated in *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 26:

> Insofar as [the requester] claims that he has "a reasonable and good faith belief that [these] [d]ocuments do, in fact, exist, and is entitled to know what steps, if any, [the county prosecuting attorney] took to search for the * * * [d]ocuments," his belief does not constitute sufficient evidence to establish that the documents do exist, and there is no duty under R.C. 149.43 for respondents to detail the steps taken to search for records responsive to the requests. *State ex rel. Patton v. Rhodes*, 129 Ohio St.3d 182, 2011 Ohio 3093, 950 N.E.2d 965, ¶ 17, quoting *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002 Ohio 2219, 767 N.E.2d 719, ¶ 18.

Like the requestor in *McCaffrey*, appellant "has not established that these records exist by the requisite clear and convincing evidence" in this case. *Id.* As a result, appellant has not met his burden to plead and prove facts showing that he sought an "identifiable public record pursuant to R.C. 149.43(B)(1)" and to prove his "right to relief under R.C. 2743.75." *Welsh-Huggins* at ¶ 33-34.

{¶ 23} Appellant next contends that releasing e-mails between Kasaris and Clover is "in the interests of justice" considering Clover committed perjury in criminal trials. (Appellant's Brief at 1.) However, appellant has not provided any legal authority stating the culpability of the target of a citizen's public records request determines whether the public records request is granted. *See State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34 ("An appellant must support their assignments of error with an argument, which includes citation to legal authority."), citing App.R. 16(A)(7) and 12(A)(2); *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-Ohio-359, ¶ 22 (noting that it is not the duty of an appellate court to create an argument on an appellant's behalf). Moreover, this argument does nothing to counter the Court of Claims' conclusion that he failed to meet his burden in showing such records exist in the first place. *See Cvijetinovic* at ¶ 4 (finding public official

who is not responsible for the requested records has no duty to provide copies of those records under R.C. 149.43); *McDougald* at ¶ 10 (stating rule that a public office has no duty to provide a nonexistent record). *See also Welsh-Huggins* at ¶ 33, fn. 4, quoting *State ex rel. Consumer News Servs., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, ¶ 45 ("the requester's 'purpose in requesting to inspect and copy public records is irrelevant' ").

{¶ 24} Finally, appellant contends that the Court of Claims erred by failing to determine whether "emails between a prosecutor and a government witness constitute official business, since they relate to criminal prosecutions, a core function of the prosecutor's office." (Appellant's Brief at 1.) Appellant has also not provided an argument or legal authority specific to this contention and thus has not met his burden of demonstrating error on appeal. *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *Hubbard* at ¶ 34; App.R. 16(A)(7) and 12(A)(2); *Smith* at ¶ 22. Regardless, a court need not determine issues of law related to whether certain records, generally, are subject to disclosure if it has already determined the request before it does not involve "records" subject to the Ohio Public Records Act. *Glasgow* at ¶ 25 (finding "we need not decide the issue of whether text messages could generally constitute items subject to disclosure under the Public Records Act" since the requested text messages and correspondence were found to not constitute "records" subject to R.C. 149.43).

{¶ 25} Considering all of the above, we find appellant has not demonstrated that the Court of Claims erred in overruling appellant's objections and adopting the report and recommendation of the special master in this case.

{¶ 26} Accordingly, appellant's assignment of error is overruled.

## V. CONCLUSION

{¶ 27} Having overruled appellant's assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN and MENTEL, JJ., concur.

_____